SENTELLE, Circuit Judge,
dissenting.
I dissent from what appears to me to be provision of an opportunity to a petitioner before this Court to create a new record establishing justiciability and jurisdiction not present in the record before us. As the majority notes, this Court, like all federal courts, “cannot act in the absence of jurisdiction.” See, e.g., B & J Oil & Gas v. FERQ 353 F.3d 71, 74-75 (D.C.Cir.2004). *215 As the majority further notes, jurisdictional issues may, indeed must, be raised by the court sua sponte when jurisdiction is lacking. It is also true that we have exercised our discretion to permit litigants to clarify the record by filing further affidavits on jurisdictional subjects, specifically standing, even after oral argument. See, e.g., Action on Smoking and Health (ASH) v. Dep’t of Labor, 100 F.3d 991, 992 (D.C.Cir.1996). However, the broad invitation and detailed “road map” offered in the majority’s opinion appears to me not to ask the petitioner to clarify its standing, but to offer us a further record to create standing where none is present on the record before us.
I therefore would find the governing precedent not in ASH, but rather in such cases as America West Airlines, Inc. v. Burnley, 838 F.2d 1343 (D.C.Cir.1988), in which we have dismissed petitions of litigants who, after ample opportunity on the record before us, have not demonstrated standing. I wholeheartedly agree with the majority that Sierra Club v. EPA, 292 F.3d 895, 900 (D.C.Cir.2002), should not be read as creating a “gotcha” under which we dismiss meritorious petitions because litigants did not support their standing when they could not reasonably have been expected' to know that they needed to. Indeed, I question whether we even possess the authority to make such a rule. However, when, as here, standing is at best questionable and an intervenor has called the attention of all parties to the questionable nature of that standing, I do not understand why we need to find that petitioners fall within the group of litigants “whose standing is not self evident” described in Sierra Club, 292 F.3d at 900, in order to dismiss the petition for lack of jurisdiction. Sierra Club merely recited the unremarkable and long-standing proposition that “[wjhen the petitioner’s standing is not self-evident, ... the petitioner must supplement the record to the extent necessary to explain and substantiate its entitlement to judicial review.” Id. See, e.g., McNutt v. General Motors Acceptance Coup., 298 U.S. 178, 190, 56 S.Ct. 780, 80 L.Ed. 1135 (1936) (“As [a plaintiff] is seeking relief subject to th[e] supervision [of a federal court], it follows that he must carry throughout the litigation the burden that he is properly in court.”). There was no Sierra Club precedent at the time of, for example, America West, and yet we did not hesitate to dismiss for lack of jurisdiction. I would do so here. I therefore respectfully dissent from the majority’s opinion.